Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI- ESPECIAL

| | | |
|---|---|---|
| BRIDGE SECURITY SERVICES, INC. Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS PARA COMPRAS Y SUMINISTROS DE LA UNIVERSIDAD DE PUERTO RICO EN CAROLINA Recurridos<br><br>UNIQUE SECURITY CORP. Licitador Agraciado<br><br>GENESIS SECURITY SERVICES, INC.; VIVALDI SERVICIOS DE SEGURIDAD; SHERIFF SECURITY SERVICES, INC. Y O'NEILL SECURITY AND CONSULTANT SERVICES, INC. Licitadores Participantes | KLRA202400452 | *Revisión Administrativa* procedente de la Junta de Subastas para Compras y Suministros de la Universidad de Puerto Rico en Carolina<br><br>Subasta: 2024-003<br><br>Sobre: Impugnación de Subasta para Servicios de Seguridad Privada de la Universidad de Puerto Rico en Carolina |

Panel Especial integrado por su presidenta, la Jueza Ortíz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece ante nosotros Bridge Security Services, Inc. (en adelante, Bridge Security) mediante el presente *Recurso de Revisión Administrativa* y nos solicita que se revoque la segunda *Notificación de Adjudicación Subasta 2024-003: Servicios de Seguridad Privada de la Universidad de Puerto Rico en Carolina* de la Junta de Subastas para Compras y Suministros (en adelante, Junta de Subastas) emitida el 1 de julio de 2024. En el aludido escrito, la Junta de Subastas adjudicó la *buena pro* a Unique Security Corp. (en adelante, Unique Security) para que prestaran servicios de seguridad en la Universidad de Puerto Rico, Recinto de Carolina.

Número Identificador

SEN2024_____

Por los fundamentos que expondremos a continuación, se desestima el recurso de revisión presentado por falta de jurisdicción.

**I**

El 1 y 4 de marzo de 2024, la Junta de Subastas notificó mediante dos periódicos de circulación general de Puerto Rico, una *Solicitud de Propuesta Sellada Núm. 2024-003* (en adelante, RFP) para contratar servicios de seguridad privada en la Universidad de Puerto Rico, recinto de Carolina.[1]

Por su parte, el 7 de marzo de 2024, Bridge Security cursó un correo electrónico a la Junta de Subastas solicitándole documentos, pliegos e información necesaria para participar en la subasta sobre servicios de seguridad privada.[2] Así las cosas, el mismo día, la Junta de Subastas envió un correo electrónico a Bridge Security adjuntando pliegos y especificaciones para la RFP y le comentó que la pre-subasta se iba a realizar el 8 de marzo de 2024 y su apertura sería el 21 de marzo de 2024.[3]

Luego de celebrada la pre-subasta el 8 de marzo de 2024, la Junta de Subasta emitió un *Adendum I*. En el referido documento, la Junta de Subasta realizó diferentes modificaciones a la *Invitación*[4] y enlistó la participación de diferentes compañías, entre ellas, Unique Security y Bridge Security.[5] En el área de preguntas y respuestas, en lo pertinente, se plasmó lo siguiente:

> 2. ¿En la sección de Requisitos específicos se establece que la posesión de la certificación de ASG exime la prestación de otros documentos solicitados en la sección de Los Documentos Requeridos?
>
> Respuesta: Sí, la certificación de ASG sustituye los otros documentos gubernamentales conforme a las leyes gubernamental[es] vigentes. Vea la lista de los documentos adicionales de la página 6 y 9 de los pliegos de subasta.
>
> 3. ¿En la sección de Certificaciones, la certificación de ASG también es válida o se requiere la presentación de otros documentos sugeridos?

---

[1] Véase, Apéndice del *Escrito en Oposición a Solicitud de Revisión Administrativa Impugnación de Subasta*, págs. 1-2.
[2] Apéndice del *Recurso de Revisión Administrativa*, pág. 58.
[3] Apéndice del *Recurso de Revisión Administrativa*, pág. 57.
[4] Apéndice del *Recurso de Revisión Administrativa*, págs. 60-85.
[5] Apéndice del *Recurso de Revisión Administrativa*, págs. 86-100.

> Respuesta: Sí, la certificación de ASG sustituye los otros documentos gubernamentales conforme a la ley vigente. Se requerirá evidencia de las pólizas incluida[s] en los pliegos en favor de la UPR-Carolina. Vea la lista de los documentos adicionales en las páginas 6 y 9 de los pliegos. Si no tiene ASG puede participar del proceso proveyendo los documentos que solicitó la directora de Compras en la reunión de pre-subasta.

Luego de evaluar las propuestas sometidas por los licitadores participantes, la Junta de Subastas emitió su *Notificación de Adjudicación Subasta 2024-003: Servicios de Seguridad Privada de la Universidad de Puerto Rico en Carolina* en donde le adjudicó la *buena pro* a la compañía Unique Security.[6]

El 13 de mayo de 2024, Bridge Security presentó una *Petición en Solicitud de Reconsideración, Nueva Notificación de Adjudicación, y Paralización de los Procesos de Contratación.*[7] En el referido escrito, Bridge Security arguyó, entre otras cosas, que la notificación hecha por la Junta de Subastas fue defectuosa.

Al no recibir repuesta de la Junta de Subastas, Bridge Security presentó un *Recurso de Revisión Administrativa* ante este Tribunal de Apelaciones.[8] El 10 de junio de 2024, este panel emitió una *Sentencia* en donde se desestimó el recurso de revisión pues la notificación emitida de la Junta de Subastas contenía varias deficiencias.[9]

Así las cosas, el 1 de julio de 2024, la Junta de Subastas emitió una segunda *Notificación de Adjudicación Subasta 2024-003: Servicios de Seguridad Privada de la Universidad de Puerto Rico en Carolina.*[10] En el referido escrito, la Junta de Subastas otorgó la *buena pro* a la compañía Unique Security por la siguiente razón:

> La determinación de la Junta de Subastas y Suministros de la Universidad de Puerto Rico en Carolina están fundamentadas en el cotejo de cumplimiento con los requisitos y documentos requeridos, se adjudica conforme el artículo 23 D, E que lee: "En igualdad de cumplimiento con los términos y condiciones, la subasta se adjudicará a otro

---

[6] Apéndice del *Recurso de Revisión Administrativa*, págs. 103-106.
[7] Apéndice del *Recurso de Revisión Administrativa*, págs. 153-161.
[8] Apéndice del *Recurso de Revisión Administrativa*, págs. 40-55.
[9] Tomamos conocimiento judicial de la *Sentencia* emitida por este panel en el caso núm. KLRA202400289. Véase, Apéndice del *Recurso de Revisión Administrativa*, págs. 187-204.
[10] Apéndice del *Recurso de Revisión Administrativa*, págs. 1-4.

postor si la calidad del producto o servicio, o la conveniencia de la Universidad en tal sentido lo justifica. La subasta podrá adjudicarse por reglón, grupos de renglones o en su totalidad, conforme con lo dispuesto en las especificaciones y en la forma en que resulte más conveniente a la Institución". Las condiciones requeridas en la subasta fueron cumplidas por las compañías que comparecieron y ante la similitud de las propuestas escogimos la más económica y la que entendemos que cumple con los requerimientos de la UPR Carolina protegiendo los intereses de la Universidad de Puerto Rico y los fondos públicos. Además, se tomó en cuenta que Bridge Security no había radicado los documentos completos en el Registro Único de Licitadores de la Administración de Servicios Generales.

El 18 de julio de 2024, Bridge Security presentó una *Petición en Solicitud de Reconsideración, y Paralización de los Procesos de Contratación*.[11] En síntesis, alegó que la Junta de Subastas adjudicó la subasta a una compañía que no cumplía con los requisitos mínimos de experiencia y solvencia económica. De igual forma, arguyó que la Junta de Subastas tomó represalias contra este por haber impugnado la adjudicación notificada de manera defectuosa ante esta curia. Esto es así, pues según alegó Bridge Security, la Junta de Subastas realizó una aseveración sobre su Registro Único de Licitadores (en adelante, RUL) haciendo alusión que se encontraba condicionado.

Aún inconforme con la adjudicación de la Junta de Subastas, el 16 de agosto de 2024, la parte recurrente acude ante nosotros mediante un *Recurso de Revisión Administrativa/ Impugnación de Subasta*, en la cual el recurrente expone los siguientes señalamientos de error:

**Primer Error**: Erró la UPR en Carolina al no descalificar a Unique Security Corp. por esta contar con menos de tres años de existencia. Además, se debió adjudicar la subasta a Bridge.

**Segundo Error**: Erró la UPR en Carolina al actuar en perjuicio en contra de Bridge.

**Tercer Error**: Erró la UPR en Carolina al negarle a Bridge copia del expediente administrativo.

**Cuarto Error**: Erró la UPR en Carolina al no cumplir con el Reglamento de Adquisiciones al momento de adjudicar la Subasta 2024-003, al no haberla notificado mediante correo certificado.

---

[11] Apéndice del *Recurso de Revisión Administrativa*, págs. 5-12.

El 18 de octubre de 2024, Unique Services presentó ante este foro su *Alegato en Oposición de Unique Services Corp.* De igual forma, el mismo día, la Junta de Subastas presentó su *Escrito en Oposición a Solicitud de Revisión Administrativa Impugnación de Subasta*.

Con el beneficio de la comparecencia de las partes, resolvemos.

**II**

**A. *Jurisdicción***

La jurisdicción es aquel poder y autoridad que ostenta un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022). Nuestro más alto foro ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, y no debemos asumir jurisdicción donde no la hay. *Id.* Al tratarse de una cuestión privilegiada, se debe atender y resolver con preferencia a cualquier otra, pues en ausencia de jurisdicción no puede ser subsanada por las partes. *Id; Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98,* 105 (2013). Por tanto, si un tribunal emite una sentencia sin ostentar jurisdicción sobre la persona o la materia, su determinación será considerada inexistente o *ultra vires. Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

**B. *Subastas y Requerimiento de Propuestas***

La subasta tradicional y el requerimiento de propuestas (*request for proposals*) son los dos vehículos procesales que tanto el gobierno central como los municipios utilizan para la adquisición de bienes y servicios. *P R Eco Park, Inc. v. Mun. de Yauco*, 202 DPR 525, 531 (2019); *R & B Power v. E.L.A.*; 170 DPR 606, 621 (2007). El propósito primordial de estos es proteger el erario, al fomentar la libre y diáfana competencia entre el mayor número de licitadores posibles. *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 716 (2016). Con ello, se pretende maximizar la posibilidad del Gobierno para obtener el mejor contrato, mientras se protegen los intereses y activos del pueblo contra el dispendio, el favoritismo, la corrupción y el

descuido al otorgarse contratos. *Transporte Rodríguez v. Jta. Subastas*, *supra*, a las págs. 716-717*.*

En Puerto Rico, "no existe legislación especial que regule los procedimientos de subasta dirigidos a la adquisición de bienes y servicios para las entidades gubernamentales". *Caribbean Communications v. Pol. de P. R.*, 176 DPR 978, 993 (2009). De acuerdo con lo dispuesto en la Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 38 de 30 de junio de 2017, 3 LPRA secs. 9601 y ss., los procedimientos administrativos sobre adjudicación de subastas se consideran procedimientos informales no cuasijudiciales; por consiguiente, no están sujetos a lo dispuesto en la LPAU, salvo lo relacionado con la solicitud de reconsideración y la revisión judicial. 3 LPRA secs. 9641 y 9659; *P R Eco Park, Inc. v. Mun. de Yauco, supra*, a la pág. 533; *Caribbean Communications v. Pol. de P. R., supra*, a las págs. 993-994.

Por su parte, los requerimientos de propuestas en nuestro ordenamiento jurídico se destacan por ser un procedimiento de carácter flexible e informal pues le brinda a la persona oferente la oportunidad de negociar con el gobierno "y enmendar o revisar las ofertas antes de la adjudicación de un contrato de adquisición de bienes y servicios". *P R Eco Park, Inc. v. Mun. de Yauco, supra*, págs. 531-532. En comparación con la subasta tradicional, el requerimiento de propuestas le confiere a la entidad gubernamental que la utiliza un grado mayor de discreción a la hora de considerar una propuesta. *Municipio de Aguada v. W. Construction, LLC*, 2024 TSPR 69, 11 (2024), que cita a *R & B Power v. E.L.A.*, 170 DPR 606, 623 (2007).

Todo requerimiento de propuesta, según ha expresado el Tribunal Supremo, debe contener sus requisitos, términos y condiciones, "y demás factores que según la agencia se considerarán en la evaluación de las propuestas de cara a adjudicar el contrato en cuestión, a los cuales cada licitador tendrá que responder". *Municipio de Aguada v. W. Construction, LLC*, *supra*, que cita a *ECA Gen. Contrac. v. Mun. de Mayagüez*, 200 DPR

665, 674 (2018).  A pesar de ser un procedimiento distinto a las subastas tradicionales, los requerimientos de propuestas conservan características adjudicativas similares a estas brindándole a los oferentes la oportunidad de cuestionar la adjudicación de las propuestas mediante revisión judicial. *P R Eco Park, Inc. v. Mun. de Yauco*, *supra*, pág. 532.

Referente a la revisión judicial de los requerimientos de propuestas, el Tribunal Supremo ha expresado lo siguiente:

> No obstante, este Tribunal ha sentenciado en varias ocasiones que son las agencias administrativas quienes, de ordinario, se encuentran en mejor posición para evaluar las propuestas o licitaciones ante su consideración, de acuerdo con los parámetros establecidos por la ley y los reglamentos aplicables. […] Por su pericia, se reconoce a las agencias discreción al momento de considerar, rechazar y adjudicar las subastas a favor de la propuesta que mejor responde a las necesidades del gobierno y al interés del pueblo en general. […] La selección de un proveedor sobre otros puede conllevar decisiones que descansen no solo en criterios estrictamente matemáticos sino en una valoración de la tecnología y los recursos humanos con que cuenta, a la luz de las necesidades presentes y futuras de la agencia. […] Por esta razón, los tribunales no debemos intervenir con la adjudicación de una subasta, o el rechazo de una propuesta, salvo que la determinación administrativa adolezca de un abuso de discreción, arbitrariedad o irracionabilidad. […][12]

**C**. *Notificación de Adjudicación de Subastas*

Como parte del debido proceso de ley, una parte puede cuestionar una adjudicación de una subasta mediante el procedimiento de revisión judicial. *St. James Security Services, LLC v. Autoridad de Energía Eléctrica*, 2023 TSPR 149, 7 (2023), que cita a *P R Eco Park, Inc. v. Mun. de Yauco*, *supra*, pág. 532. Para esto ser posible, es indispensable que la notificación de la adjudicación de la subasta se realice correctamente a todas las partes. *Id.* A tales efectos, el Tribunal Supremo ha expresado que la notificación realizada de manera defectuosa sobre una determinación tomada por las agencias administrativas priva de jurisdicción al foro revisor para poder atender el asunto en disputa, impidiendo que comience a transcurrir el término para recurrir de cualquier determinación

---

[12] *Municipio de Aguada v. W. Construction, LLC*, 2024 TSPR 69, 12. (Citas omitidas.)

administrativa y, por lo tanto, violenta el derecho al debido proceso de ley de la parte afectada. *Id.*

Independientemente de ser de un procedimiento informal, las agencias deben exponer una explicación de las bases sobre las cuales descansa su decisión. *L.P.C. & D., v. A.C.*, 149 DPR 869, 878 (1999). Esto es así pues les brinda a los tribunales fundamentos para así descargar sus funciones revisoras. *Id.* El Tribunal Supremo ha expresado que la notificación de una subasta debe ser fundamentada, al menos de manera sumaria y sucinta, pero debe incluir la siguiente información: "los nombres de los licitadores en la subasta y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial.[13]

**D. *Reglamento sobre Adquisición de Equipos, Materiales y Servicios No Personales de la Universidad de Puerto Rico*, Certificación Núm. 30 (2008-2009)**

La Junta de Síndicos de la Universidad de Puerto Rico aprobó el *Reglamento sobre Adquisición de Equipos, Materiales y Servicios No Personales de la Universidad de Puerto Rico,* aprobado el 20 de noviembre de 2008, *Certificación Núm. 30 (2008-2009)* con el propósito de establecer unas normas y procedimientos a seguir por parte de la Universidad de Puerto Rico en la adquisición de materiales, equipos y servicios no personales, entre otros.[14] Este reglamento regula, de igual forma, las subastas tradicionales como los requerimientos de propuestas llevados a cabo por la Junta de Subastas de la Universidad de Puerto Rico.

Respecto a la adjudicación de requerimientos de propuestas, el Artículo 18 en su inciso I establece lo siguiente:

    I.  Adjudicación:

        1.  El Comité Evaluador presentará a la Junta de Subasta sus recomendaciones en torno a la

---

[13] *L.P.C. & D., v. A.C.*, *supra*, pág. 879.
[14] Artículo 3 (A) Reglamento sobre Adquisición de Equipos, Materiales y Servicios No Personales de la Universidad de Puerto Rico, Certificación Núm. 30 (2008-2009).

propuesta que mejor sirva los intereses de la Institución.

2. La Junta de Subastas procederá a adjudicar de conformidad con el Parte V, Artículo 23.H de este Reglamento.[15]

Por su parte, el Artículo 23 dispone sobre la adjudicación de una subasta, lo siguiente:

A. De la Junta de Subastas tener evidencia sobre la existencia de un acuerdo entre dos o más licitadores para obtener la buena pro de la subasta rechazará todas las ofertas que éstos sometan.

B. La Junta de Subastas no considerará ofertas de licitadores que no hayan cumplido a cabalidad sus compromisos anteriores con la Universidad o con agencias gubernamentales o clientes privados. En caso de incumplimiento, la Junta notificará a la Oficina de Compras para que los participantes sean eliminados del Registro de Licitadores.

C. La Junta de Subastas velará porque los licitadores que reciban la buena pro de la subasta sean personas naturales o jurídicas: (1) de sólida solvencia moral y económica, según se refleje en la presentación de los documentos requeridos y estados financieros; (2) que posean la experiencia y capacidad necesaria demostrada por transacciones similares a la de la subasta; (3) que tengan vigentes las licencias, permisos o franquicias necesarias y requeridas por las leyes y reglamentos aplicables; y (4) que cuando hubieren participado en otras transacciones con la Universidad hayan cumplido a cabalidad con sus obligaciones.

D. En igualdad de cumplimiento con los términos y condiciones, **la subasta se adjudicará al postor más bajo. No obstante, podrá adjudicarse a otro postor si la calidad del producto o servicio, o la conveniencia de la Universidad en tal sentido lo justifica.**

E. La subasta podrá adjudicarse por renglón, grupos de renglones o en su totalidad, de conformidad con lo que se haya dispuesto en las especificaciones de la subasta y en la forma en que resulte más conveniente a la Institución.

F. La Junta de Subastas no podrá adjudicar subastas por cantidades que excedan los fondos disponibles para la adquisición de los bienes o servicios no personales.

G. Previo a la adjudicación, la Junta de Subastas preparará una evaluación escrita de las ofertas recibidas en la cual se indicará y acompañará la siguiente información:

1. Nombres de los licitadores;
2. Relación de los servicios a contratar, equipo o material a adquirirse;

---

[15] *Íd.* en su Artículo 18 (I).

3. Oferta de los licitadores, términos para entrega y/o instalación de bienes y/o servicios, así como la vigencia de precios;

4. Evaluación de servicios y nuevas tecnologías;

5. Recomendación de adjudicación o cancelación debidamente fundamentada y de acuerdo a las disposiciones de este Reglamento;

6. Copia del informe del comité técnico, si alguno se constituyó, y cualquier otro documento considerado en la adjudicación de la subasta;

7. El documento de evaluación permanecerá en el expediente de la subasta, mas no será notificado con la decisión de adjudicación.

H. La Junta adjudicará la subasta por escrito en un Aviso de Adjudicación y expondrá las razones que tuvo para la adjudicación. Como mínimo, el Aviso de Adjudicación deberá incluir:

1. Nombre y dirección de todos los licitadores;
2. Síntesis de las ofertas;
3. **Factores o criterios que se tomaron en cuenta para adjudicar la subasta;**
4. **Defectos, si alguno, que tuvieron las propuestas de los licitadores perdidosos;**
5. La disponibilidad y los plazos para solicitar la reconsideración y la revisión judicial.

I. Transcurrido el plazo para solicitar la reconsideración y revisión judicial, la Junta de Subastas notificará su decisión final a la Oficina de Compras para que ésta proceda con los trámites de solicitud de verificación de garantías y seguros por la Oficina de Seguros y la preparación de la Orden de Compra o solicitud de contrato a la Oficina del Asesor Legal, según fuere el caso.[16]

## E. *Debido Proceso de Ley en la modalidad procesal*

El Art. II, Sec. 7 de la Constitución del Estado Libre Asociado de Puerto Rico, 1 L.P.R.A. sec. 7, al igual que las Enmiendas V y XIV de la Constitución de Estados Unidos de América, garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. *Hernández v. Secretario*, 164 DPR 390, 394 (2005).

El debido proceso de ley se manifiesta en dos vertientes distintas: la sustantiva y la procesal. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 394 (2018). En su vertiente sustantiva, los tribunales examinan la validez de

---

[16] Artículo 23 del Reglamento sobre Adquisición de Equipos, Materiales y Servicios No Personales de la Universidad de Puerto Rico, Certificación Núm. 30 (2008-2009). (Énfasis suplido).

una ley al amparo de los preceptos constitucionales pertinentes, con el propósito de proteger los derechos fundamentales de las personas. *Id.* Bajo esta instancia, el Estado, está impedido de aprobar leyes o realizar alguna actuación que afecte de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o la libertad de los individuos. *Pueblo v. Montero Luciano*,169 DPR 360,371(2006); *Hernández v. Secretario*, *supra,* págs. 394-395.

En su vertiente procesal, la cláusula del debido proceso instituye las garantías procesales mínimas que el Estado debe proveerle a un individuo al afectarle su libertad o propiedad. *PVH Motor v. ASG*, 209 DPR 122, 130 (2022). Su aplicabilidad requiere que exista un interés de propiedad o de libertad que pueda verse afectado. *Fuentes Bonilla v. ELA et al., supra.* Identificado dicho interés, procede determinar cuál es el procedimiento exigido; procedimiento que debe caracterizarse por ser justo e imparcial. *Hernández v. Secretario*, *supra,* pág. 395.

El Tribunal Supremo ha expresado, que como parte del mandato Constitucional del debido proceso de ley modalidad procesal, en los procedimientos adjudicativos se deben observar las siguientes garantías mínimas:

> (1) notificación adecuada del proceso;
> (2) proceso ante un juez imparcial;
> (3) oportunidad de ser oído;
> (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra;
> (5) asistencia de abogado, y
> (6) decisión basada en el récord.[17]

Por su parte, la *Ley de Procedimiento Administrativo Uniforme*, 3 LPRA sec. 9641, en su Sección 3.1, establece cuales serán aquellos derechos que deben ser salvaguardados en los procedimientos adjudicativos formales, como sigue:

> (A) Derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte.
> (B) Derecho a presentar evidencia.
> (C) Derecho a una adjudicación imparcial.
> (D) Derecho a que la decisión sea basada en el expediente.

---

[17] *Román Ortiz v. OGPe,* 203 DPR 947, 954 (2020).

**III**

La parte recurrente nos señala que erró la Junta de Subastas de la Universidad de Puerto Rico en Carolina al no descalificar a Unique Security, pues según los recurrentes, no poseían tres (3) años de existencia. Por otro lado, nos plantea que incidió la Junta de Subastas al actuar en perjuicio en contra de Bridge Security, por haber cuestionado la adjudicación de la subasta mediante un recurso de revisión judicial. Nos señala, además, que erró la Junta de Subastas al negarle a la parte recurrente una copia del expediente administrativo. Por último, Bridge Security nos plantea que incidió la Junta de Subastas al no cumplir con el Reglamento de Adquisiciones al momento de adjudicar la Subasta 2024-003 y al no haberla notificado mediante correo certificado.

Esta claro que parte del debido proceso de ley, en el ámbito administrativo, se debe cumplir con una notificación adecuada de la adjudicación de una subasta.[18] Esto es así, pues le brinda a la parte a la cual no se le adjudicó la *buena pro* una oportunidad de cuestionar una adjudicación de una subasta mediante el procedimiento de revisión judicial.[19] En el ejercicio de nuestra función revisora, nos corresponde examinar los factores y criterios que se tomaron en cuenta para adjudicar la subasta y los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, conforme a lo dispuesto en el Artículo 23 H en sus incisos 3 y 4 del *Reglamento sobre Adquisición de Equipos, Materiales y Servicios No Personales de la Universidad de Puerto Rico,* aprobado el 20 de noviembre de 2008, *Certificación Núm. 30 (2008-2009).*[20]

Al examinar el contenido de la segunda *Notificación de Adjudicación Subasta 2024-003: Servicios de Seguridad Privada de la Universidad de Puerto Rico en Carolina*[21] emitida por la Junta de Subastas y el legajo administrativo, encontramos que la misma es defectuosa. Surge de la

---

[18] Véase, *Román Ortiz v. OGPe,* 203 DPR 947, 954 (2020); *St. James Security Services, LLC v. Autoridad de Energía Eléctrica*, 2023 TSPR 149, 7 (2023).
[19] *Id.*
[20] Véase, *L.P.C. & D., v. A.C.*, 149 DPR 869, 878 (1999).
[21] Véase, Apéndice del *Recurso de Revisión Administrativa*, págs. 1-4.

notificación, en la cual la Junta de Subastas resume las razones para la adjudicación, lo siguiente:

> La determinación de la Junta de Subastas y Suministros de la Universidad de Puerto Rico en Carolina están fundamentadas en el cotejo de cumplimiento con los requisitos y documentos requeridos, se adjudica conforme el artículo 23 D, E que lee: "En igualdad de cumplimiento con los términos y condiciones, la subasta se adjudicará a otro postor si la calidad del producto o servicio, o la conveniencia de la Universidad en tal sentido lo justifica. La subasta podrá adjudicarse por reglón, grupos de renglones o en su totalidad, conforme con lo dispuesto en las especificaciones y en la forma en que resulte más conveniente a la Institución". Las condiciones requeridas en la subasta fueron cumplidas por las compañías por las compañías que comparecieron y ante la similitud de las propuestas escogimos la más económica y la que entendemos que cumple con los requerimientos de la UPR Carolina protegiendo los intereses de la Universidad de Puerto Rico y los fondos públicos. Además, **se tomó en cuenta que Bridge Security no había radicado los documentos completos en el Registro único de Licitadores de la Administración de Servicios Generales**. (Énfasis suplido.)

Luego de examinar el expediente administrativo, no vemos algún documento que respalde la expresión de la Junta de Subastas respecto a los alegados documentos incompletos sometidos por la parte aquí recurrente al Registro Único de Licitadores de la Administración de Servicios Generales.

Resolvemos que la adjudicación de la Junta de Subastas, objeto del recurso ante nuestra consideración, no está sustentada por la prueba que obra del expediente y, al no estar fundamentada conforme al derecho antes reseñado, no se ha notificado debidamente. En consecuencia, el recurso presentado por Bridge Security es prematuro, por lo que carecemos de jurisdicción para adjudicarlo en sus méritos, pues el término para solicitar revisión judicial no ha comenzado hasta que sea debidamente notificada la adjudicación de la subasta.

**IV**

Por los fundamentos antes expuestos, se desestima el recurso de revisión presentado por falta de jurisdicción, y se devuelve a la Junta de subasta para que emita una notificación conforme a derecho.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones